IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOHAMED IBRAHIM HASSAN, )
)
              Petitioner, )
)
v. )   Case No. 25-3239-JWL
)
JACOB WELSH, Warden, Chase County Jail; )
SAM OLSON, ICE Deputy Field Office )
    Director; and )
KRISTI NOEM, Secretary, )
    Department of Homeland Security, )
)
             Respondents. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. The petition is granted with respect to petitioner's request for release; respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 15, 2026**, and shall provide notice to this Court when that release is effected. The motion is denied with respect to any other relief requested.

Petitioner alleges that although he was born in Kenya, he is a citizen of Somalia. Petitioner entered the United States in 2005 and became a lawful permanent resident in 2007. Petitioner was subsequently convicted of various offenses in state courts, and immigration officials initiated removal proceedings in 2022, based on a conviction for

receiving stolen property. Petitioner was taken into custody by immigration officials in June 2024, and he has been detained since that time. By removal order effective December 12, 2024, petitioner was ordered removed but granted withholding of removal to Somalia, meaning he could only be removed to an alternative third country. Petitioner is presently detained within this judicial district. On November 4, 2025, petitioner filed the instant habeas action; respondents have filed a response to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner's removal period began on December 12, 2024, the effective date of his removal order, as both parties had waived any appeal. *See id.* § 1231(a)(1)(B)(i).[1] Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his

---

[1] Respondents note that petitioner challenged his removal prior to the removal order, and they argue that the removal period may be extended if an alien acts to prevent removal. Respondents allege such conduct by petitioner only prior to the removal order, however; thus, there is no basis not to count petitioner's removal period from the date of the removal order for the purpose of applying the *Zadvydas* framework.

2

detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

3

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. The Court disagrees with respondents' contention that petitioner can point to nothing more than the failure to effect his removal within six months. Petitioner has now been detained for *more than 12 months* since the beginning of the removal period, a significant period beyond the presumptively-reasonable period of six months. Petitioner also notes that by July 2025 officials had failed in their initial attempts to remove petitioner to four different alternative countries, and that officials have failed to identify any other possible alternative country since that time.

The Court further concludes that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that

"DHS has attempted to remove Petitioner to four alternative countries with no success;" the declarant has provided no details about those attempts, however, and thus respondents have provided no evidence concerning the nature of those attempts, when they occurred, whether requests were made to those countries, why those attempts proved unsuccessful, and why officials are likely to find success with another country despite striking out with their first choices.[2]  The declarant also states that in July 2025 officials inquired within the agency about other potential countries for petitioner's removal, and that in September 2025, the agency indicated that it was "working with" the State Department to identify third countries.  Such a vague description of work being done within the agency to identify a third country is not persuasive on the relevant issue, however, as respondents have failed to identify any requests made to other countries, and they have failed even to identify a third country to which they believe petitioner may be removed in the foreseeable future.  It does not appear from respondents' evidence that officials have taken any concrete step in the last six months to find a removal destination for petitioner.  Nor have respondents offered any evidence explaining why officials have not been able to undertake any additional efforts in petitioner's case.  *See Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*).  This failure is especially disheartening in light of this Court's repeated complaints about the lack of such detail and the use of similar

---

[2]  The declarant does not even identify the particular countries.  Petitioner has submitted an email from an official on July 25, 2025, stating that officials sent requests "to Canada, Belize, Dominican Republic, and El Salvador and all have returned negative responses."

boilerplate language in the Government's submissions. *See, e.g.*, *Gutierrez v. Carter*, __ F. Supp. 3d __, 2025 WL 3454295, at *2-3 (D. Kan. Dec. 2, 2025) (Lungstrum, J.). Most significantly, there is no analysis or explanation specific to petitioner's case, as respondents have not attempted to explain why previous efforts to find a removal country for petitioner have been unsuccessful or why efforts are likely to be successful in the reasonably foreseeable future. Finally, the fact that officials never made a 90-day custody determination as required belies any claim that officials have exercised diligence with respect to petitioner's case.

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials failed in their undescribed "attempts" to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries in the last six months, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention, which has extended more than six months beyond the presumptively-reasonable period recognized by the Supreme Court, has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief to this extent, and respondents are ordered to effect petitioner's release by **January 15, 2026**.

Although petitioner does not seek any injunctive relief, he does request a declaration that, "if the Government purports to identify any third country willing to accept [petitioner], . . . the Government be required to provide [petitioner] adequate notice and an opportunity

6

to be heard regarding removal to that country." The Court declines to order any such relief, and it therefore denies the petition to the extent that petitioner seeks relief other than his release from custody. As the Court has explained in other cases (which petitioner has failed to address), the Court declines to impose or recognize requirements for third-country removal in light of petitioner's membership in a class certified in another case in which similar relief has been requested. *See Manago v. Carter*, 2025 WL 2576755, at *2-3 (D. Kan. Sept. 5, 2025) (Lungstrum, J.) (citing *D.V.D. v. United States Dept. of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass.), *appeal filed* (1st Cir. Apr. 22, 2025), *stay granted*, 145 S. Ct. 2153 (June 23, 2025)); *Rustami v. Noem*, 2025 WL 3760744, at *3 (D. Kan. Dec. 30, 2025) (Lungstrum, J.) (citing *Manago*).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to petitioner's request for release; respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **January 15, 2026**, and shall provide notice to this Court when that release is effected. The motion is denied with respect to any other relief requested.

IT IS SO ORDERED.

Dated this 5th day of January, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge